COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner


JERONDA WILSON

MEMORANDUM OPINION[*]
v.      Record No. 0488-16-1                              PER CURIAM
                                                         SEPTEMBER 6, 2016
CITY OF HAMPTON
  DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

(Charles E. Haden, on brief), for appellant.

(Vanessa T. Valledjuli, City Attorney; Therese M. Price, Assistant
City Attorney; Carter Phillips, Guardian *ad litem* for the minor
children, on brief), for appellee.


        Jeronda Wilson (mother) appeals orders approving foster care plans with goals of adoption.

Mother argues that the trial court erred by (1) approving the foster care plans' goals of adoption

because the City of Hampton Department of Social Services (the Department) failed to establish

that adoption was in the best interests of the children and that reasonable efforts have been made to

reunite the children with their parents; and (2) sustaining the Department's objection to evidence

that mother wished to present regarding her efforts to achieve reunification with her children. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Mother has two children, who were born in March 2011 and December 2012. In June 2013, the police found the children padlocked in a camper without adult supervision, electricity, or running water. Mother was arrested on two counts of felony child endangerment and two counts of felony child cruelty. After having been found guilty, mother was sentenced to prison. As a condition of her criminal convictions, she was not allowed to have any contact with the children, "unless a court of competent jurisdiction orders otherwise." Mother was released from prison on January 20, 2016.

The maternal grandparents took custody of the children after mother's arrest. However, in December 2014, they asked to be relieved of custody due to their medical issues. Instead, the Department provided family support services and respite. The Department also contacted the children's father and maternal aunts to see if they would be potential placement options. Father lived out of state and never came to Virginia. The maternal aunts indicated that they could not take the children.

By March 2015, the children were staying full-time in a foster care home that previously provided respite to the grandparents. On June 16, 2015, the Hampton Juvenile and Domestic Relations District Court (the JDR court) granted the grandparents' request to be relieved of custody of the children. The Department received custody of the children, who stayed in their foster care home. The Department continued to look for family members who could care for the children, but none were willing or available.

On December 15, 2015, the Department filed new foster care review plans and asked that the goals be changed to adoption. On December 29, 2015, the JDR court entered orders approving the foster care plans with the goals of adoption. Mother appealed to the circuit court.

On March 2, 2016, the parties appeared before the circuit court. Mother asked the circuit court to not change the foster care goals to "adoption," but instead keep the goals as "return to home." She explained that while in jail, she took parenting classes and anger management classes. Since she was released from prison, she lived with her parents and obtained a job. The no contact order between mother and the children remained in effect at the time of the hearing. After hearing the evidence and arguments, the circuit court found that it was in the children's best interests for the goals of the foster care plans to be adoption. This appeal followed.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

### *Assignment of error #1*

Mother argues that the trial court erred in approving the foster care plans with the goals of adoption because it was not in the children's best interests and the Department did not make reasonable efforts to reunite mother and the children.

Code §§ 16.1-281 and 16.1-282 discuss foster care plans and the foster care review hearings. Code § 16.1-282(D) maintains that at a foster care review hearing, a court should state "whether reasonable efforts, if applicable, have been made to reunite the child with his parents, guardian or other person standing in loco parentis to the child." In this case, the court found that "reasonable efforts" were not applicable. Code § 16.1-281(B) states that the Department does

not have to make any efforts to reunite children with their parent, if the children were subjected to aggravated circumstances. Code § 16.1-281(B) states, in pertinent part:

> The local board or other child welfare agency having custody of the child shall not be required by the court to make reasonable efforts to reunite the child with a parent if the court finds that . . . (4) based on clear and convincing evidence, the parent has subjected any child to aggravated circumstances . . . .

The General Assembly defined "aggravated circumstances":

> "Aggravated circumstances" means torture, chronic or severe abuse, or chronic or severe sexual abuse, if the victim of such conduct was a child of the parent or child with whom the parent resided at the time such conduct occurred, including the failure to protect such a child from such conduct, which conduct or failure to protect: (i) evinces a wanton or depraved indifference to human life, or (ii) has resulted in the death of such a child or in serious bodily injury to such a child.

Code § 16.1-281(B).

Here, the circuit court agreed with the Department that mother's convictions of felony child endangerment and felony child neglect were evidence of aggravated circumstances. Mother was convicted of violating Code § 18.2-371.1(B)(1), which states that "[a]ny parent . . . whose willful act or omission in the care of such child was so gross, wanton, and culpable as to show a reckless disregard for human life is guilty of a Class 6 felony."[1] Both Code §§ 16.1-281(B) and 18.2-371.1(B)(1) address an "indifference" or "disregard" for a child's life. Mother left her children, who were approximately two years old and seven months old, padlocked in a trailer alone, without electricity or water. The circuit court did not err in concluding that, based on these facts, the children were subjected to aggravated circumstances. Contrary to mother's arguments, it does not matter that the incident occurred only one time

---

[1] Mother also was convicted of violating Code § 40.1-103.

- 4 -

because Code § 16.1-281(B) indicates that "'severe abuse' . . . may include an act or omission that occurred only once, but otherwise meets the definition of 'aggravated circumstances.'"

Therefore, the circuit court did not err in concluding that pursuant to Code § 16.1-281(B), the Department was not required to make any reasonable efforts to reunite mother with the children. By court order, mother was not allowed to have any contact with the children. The circuit court did not err in finding that it was in the children's best interests for the Department to proceed with the adoption. The circuit court noted that the children needed the stability and security that adoption could provide. The circuit court did not err in approving the goals of adoption.

*Assignment of error #2*

Mother argues that the circuit court erred by not allowing her to present evidence of what steps she has taken to improve herself so she could be reunited with her children.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Logan, 13 Va. App. at 132, 409 S.E.2d at 465 (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

At the conclusion of the hearing, the circuit court told mother, "I commend your efforts to rehabilitate yourself." However, as noted above, the circuit court did not err in finding that the children were subjected to aggravated circumstances. Furthermore, as a result of her criminal convictions, mother was not allowed to have any contact with the children. Accordingly, the circuit court did not have to consider any efforts mother made to try to improve herself in order to be reunited with the children.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.
